UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ
    Plaintiff,

v.                                                      Case No.: 6:21-CV-1956

MI JALISCO, LLC d/b/a
MI JALISCO MEXICAN RESTAURANT
a Florida Limited Liability Company,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MI JALISCO, LLC d/b/a MI JALISCO MEXICAN RESTAURANT, a Florida Limited Liability Company, ("MI JALISCO" or "Defendant"), and states as follows:

### *Introduction*

1. This is an action by the Plaintiff against his former employer for unpaid minimum wages, liquidated damages, and other relief under the Florida Minimum Wage Act ("FMWA"), Article X, Section 24 of the Florida constitution; and for unpaid minimum wages, overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

### *Parties, Jurisdiction, and Venue*

2. Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida

3. Defendant, MI JALISCO, LLC d/b/a/MI JALISCO MEXICAN RESTAURANT, is a Florida Company, registered and conducting business in Brevard County, Florida.

4. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

5. At all times relevant, Defendant, MI JALISCO was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

6. At all times material hereto, Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

7. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

8. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

*General Allegations*

9. Plaintiff was a non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

10. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

11. At all times relevant, Defendant, MI JALISCO did business as a restaurant at 7700 n. Wickham Road, Melbourne, FL 32940.

12. Plaintiff was a non-exempt employee of Defendant working back-of-house, primarily as a dishwasher at its MI JALISCO restaurant.

13. Plaintiff worked in excess of 40 hours during a workweek but was not paid at a rate of one- and one-half times his regular rate for each hour worked over 40 during a workweek.

14. During his tenure with Defendants, Plaintiff was paid $650 per week.

15. During the first three weeks of his employment, Plaintiff estimates that he worked 91 hours per workweek.

16. During the first three weeks of his employment, Plaintiff's effective hourly rate of pay was $7.14 per hour.

17. During the final four weeks of his employment, Plaintiff estimates that he worked 78 hours per workweek.

18. During the final four weeks of his employment, Plaintiff's effective hourly rate of pay was $8.33 per hour.

*Compliance with Condition(s) Precedent Satisfied*

19. On September 21, 2021, Plaintiff, through counsel, sent Defendant his notice of intent to initiate a civil action for violations of the Florida Minimum Wage Act, pursuant to Florida Statute § 448.110(6)(a).

20. More than 15 calendar days have elapse since Defendant's receipt of the Florida Statute § 448.110(6)(a) Notice and they have failed to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of Plaintiff.

## COUNT I – RECOVERY OF UNPAID MINIMUM WAGE
## FLORIDA STATUE § 448.110

21. Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint, as if set forth in full herein.

22. Plaintiff worked for Defendant from July 5, 2021, through August 22, 2021.

23. During the term of his employment the plaintiff worked 585 hours for which he was not compensated at the full Florida minimum wage.

24. During Plaintiff's term of employment Florida's minimum wage was $8.65.

25. Defendant failed to pay Plaintiff at a rate above the Florida Minimum Wage for all hours worked in violation of Fla. Const Art X Sec 24 and the FMWA.

26. Plaintiff estimates that his Florida minimum wage damages caused by the Defendant total $510.25.

27. As a result of the Defendant's willful violation of Florida Minimum Wage Act, Plaintiff is entitled to liquidate damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

  a. Judgment for unpaid minimum wages in the amount of $510.25;

  b. Liquidated damages in the same amount pursuant to Fla. Stat. 448.110(6)(c)(1).

  c. An award of reasonable attorney's fees and all costs incurred herein pursuant to Fla. Stat. 448.110(6)(c)(1); and

  d. All other damages to which Plaintiff may be entitled.

### COUNT II –RECOVERY OF UNPAID MINIMUM WAGE FLSA

28. Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint, as if set forth in full herein.

29. During Plaintiff's term of employment Federal Minimum Wage was $7.25.

30. During Plaintiff's the first three weeks of his tenure, Plaintiff was paid an effective rate of $7.14 per hour for 273 hours.

31. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendant.

32. Defendant failed to pay Plaintiff the Federal Minimum Wage for all hours worked in violation of FLSA.

33. Plaintiff estimates that he was damaged in the amount of $30.03 by Defendant's failure to pay him Federal Minimum Wage.

34. As a result of the Defendant's willful violation of FLSA, Plaintiff is entitled to liquidated damages in an equal amount.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid Federal minimum wages in the amount of $30.03.

    b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

    c. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    d. All other damages to which Plaintiff may be entitled.

## COUNT III – RECOVERY OF OVERTIME COMPENSATION FLSA

35. Plaintiff re-alleges and incorporates paragraphs 1 through 20 of this Complaint, as if set forth in full herein.

36. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

37. During his employment with Defendant, Plaintiff worked 305 overtime hours but was not paid time and one-half compensation for same.

38. Plaintiff estimates that he was damages in the amount of $1,319.13 because of Defendant's failure to pay him overtime for those hours worked in excess of 40 during a workweek.

39. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

40. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

    a. Judgment for unpaid overtime compensation in the amount of $1,319.13;

      b.      Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

      c.      An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

      d.      All other damages to which Plaintiff may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 19th day of November 2021.

                ARCADIER, BIGGIE & WOOD, PLLC

                */s/ Joseph C. Wood, Esquire*
                Joseph C. Wood, Esquire
                Florida Bar No.: 0093839
                Maurice Arcadier, Esquire
                Florida Bar No. 0131180
                2815 W. New Haven, Suite 304
                Melbourne, Florida 32904
                Primary Email: office@abwlegal.com
                Secondary Email: wood@abwlegal.com
                Phone: (321) 953-5998
                Fax: (321) 953-6075